IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Rosemarie Dymek, | : | |
| Petitioner | : | |
| | : | No. 1261 C.D. 2018 |
| v. | : | |
| | : | Submitted: January 25, 2019 |
| Workers' Compensation Appeal | : | |
| Board (Harper & Row Keystone | : | |
| Employees FCU and Cumis | : | |
| Insurance Society, Inc.), | : | |
| Respondents | : | |

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE ELLEN CEISLER, Judge

### *OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                                    FILED: April 12, 2019

Rosemarie Dymek (Claimant) petitions for review of the August 16, 2018 order of the Workers' Compensation Appeal Board (Board) affirming the decision of the Workers' Compensation Judge (WCJ) granting Claimant's penalty petition but refusing to award Claimant unreasonable contest attorney fees.

### Facts and Procedural History

Claimant originally sustained a work-related injury on June 7, 1996. On May 17, 2016, WCJ J. Joseph Grady circulated a decision granting the petition of Harper & Row Keystone Employees Federal Credit Union (Employer) seeking to have Claimant undergo a physical examination with Stuart Gordon, M.D., in Limerick,

Pennsylvania.  In his decision, WCJ Grady further directed Employer to reimburse Claimant for one night at a hotel in the King of Prussia vicinity, not to exceed $200.00.[1] On January 5, 2017, Claimant filed a petition for penalties alleging that Employer violated the Act by failing to comply with WCJ Grady's order directing that she be reimbursed for the hotel room bill related to the medical examination conducted by Dr. Gordon.[2]  (Findings of Fact Nos. 1-3.)  Employer filed an answer denying the allegations of Claimant's petition.  (R.R. at 13a-14a.)

WCJ Howard Spizer conducted a hearing on February 7, 2017, at which counsel for Employer noted that a change of adjusters may have complicated and delayed payment of the reimbursement of the hotel bill.  The parties also discussed Claimant's counsel's demand of an attorney's fee of $750.00, which Employer alleged was unreasonable for a claim worth $150.00.  Claimant's counsel later indicated that he would accept a fee of $585.00, after which the penalty petition would be withdrawn. At the request of Employer's counsel, the WCJ directed that said fee be paid within 30 days of the hearing date.  (Findings of Fact Nos. 3-4.)

WCJ Spizer conducted a subsequent hearing on May 8, 2017.  At this hearing, Claimant's counsel stated that he had not yet received his fee of $585.00, as agreed to at the prior hearing.  Counsel for Employer again noted a change of adjusters in delaying payment, but indicated that a check in the amount of $750.00 was sent to

---

[1] Dr. Gordon conducted the medical examination on June 16, 2016.  Claimant's counsel sent a letter dated July 13, 2016, to Employer's counsel along with a copy of the hotel bill in the amount of $150.12 seeking reimbursement for the same.  (Reproduced Record (R.R.) at 6a-7a.)  Employer did not immediately reimburse Claimant.  By letter dated October 3, 2016, Claimant's counsel advised Employer's counsel of the lack of reimbursement and that a penalty petition would be filed if payment was not made within 30 days.  (R.R. at 8a.)

[2] By letter dated January 25, 2017, Employer provided Claimant's counsel with a check in the amount of $150.12 for reimbursement of Claimant's hotel bill.  (R.R. at 15a-16a.)

Claimant's counsel on March 31, 2017. However, Claimant's counsel refused to accept the check and instead demanded full payment of $2,873.05, which represented 9.3 hours of work at a rate of $300.00 per hour. Claimant's counsel also sought costs for a transcript totaling $154.15. (Findings of Fact Nos. 5-9.)

By decision circulated September 13, 2017, WCJ Spizer granted Claimant's penalty petition, concluding that Employer failed to timely reimburse Claimant for her hotel expense incurred for traveling to the medical examination. WCJ Spizer awarded Claimant a 10% penalty on the $150.12 bill, or $15.00. WCJ Spizer next addressed Claimant's request for unreasonable contest attorney fees. WCJ Spizer characterized Claimant's counsel's request for a fee in excess of $2,800.00 as unreasonable given the nature of the original $150.00 hotel bill and declared Employer's violation in this matter to be *de minimis*. WCJ Spizer further found Claimant's counsel's rate of $300.00 per hour to be in excess of what is normally charged with regard to legal fees in the area. Moreover, WCJ Spizer agreed with an assertion by Employer's counsel that the fee was inflated, did not reflect the difficulty of the matter involved, and appeared to be calculated to punish Employer. WCJ Spizer noted that Claimant's counsel had the opportunity to accept a payment of $750.00, which he described as generous and fair, but rejected such payment. Ultimately, WCJ Spizer concluded that Employer's contest was not unreasonable and refused to award attorney fees to Claimant's counsel. (Findings of Fact Nos. 9-16.)

Claimant appealed to the Board, but the Board affirmed. Claimant thereafter filed a petition for review with this Court.

3

## Discussion

On appeal,[3] Claimant argues that WCJ Spizer erred in denying her request for unreasonable contest attorney fees. More specifically, Claimant argues that the WCJ improperly shifted the burden of establishing an unreasonable contest to her and erred in relying upon argument of Employer's counsel which was not supported by any evidence. We agree.

Section 440(a) of the Workers' Compensation Act (Act)[4] provides as follows:

> In any contested case where the insurer has contested liability in whole or in part, including contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.

77 P.S. §996(a). In determining the reasonableness of an employer's contest, the primary question is whether the contest was brought to resolve a genuinely disputed issue or merely for purposes of harassment. *Montgomery Hospital v. Workers' Compensation Appeal Board (Armstrong)*, 793 A.2d 182, 190 (Pa. Cmwlth. 2002).

---

[3] Our scope of review is limited to determining whether constitutional rights have been violated, whether an error of law has been committed, or whether findings of fact are supported by substantial evidence. *Anderson v. Workers' Compensation Appeal Board (Penn Center for Rehab)*, 15 A.3d 944, 947 n.1 (Pa. Cmwlth. 2010).

[4] Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of February 8, 1972, P.L. 25, 77 P.S. §996(a).

4

Whether an employer's contest is reasonable is a question of law fully reviewable by this Court. *Id.*

In the present case, Employer denied the allegation of Claimant's penalty petition, *i.e.*, that it failed to reimburse Claimant for the hotel bill, knowing the same to be false. In fact, within 20 days of the filing of Claimant's claim petition, Employer forwarded a check to Claimant in the amount of $150.12, representing the reimbursement for this bill. Hence, there can be no question that Employer's contest in this matter was unreasonable and the WCJ erred to the extent he concluded otherwise.[5] However, a legitimate question remains as to the extent of attorney fees owed to Claimant's counsel. In that regard, we note that at the first hearing in this matter, Claimant's counsel was only seeking attorney fees in the amount of $750.00, which was later negotiated to a reduced amount of $585.00. However, as of the second hearing before WCJ Spizer, Claimant's counsel had rejected an untimely check from Employer in the amount of $750.00 and instead sought attorney fees in excess of $2,800.00, as well as costs. Thus, a remand is warranted to allow the WCJ to reconsider the timesheet submitted by Claimant's counsel and determine the appropriate amount of the attorney fees and costs due to said counsel.

Accordingly, the order of the Board, to the extent that it affirmed WCJ Spizer's award of a 10% penalty to Claimant, is affirmed. However, the order of the Board, to the extent that it affirmed WCJ Spizer's denial of Claimant's counsel's request for attorney fees and costs, is reversed and the matter is remanded to the Board,

_____

[5] Further, we agree with Claimant that WCJ Spizer improperly shifted the burden to her to establish a reasonable contest, as evidenced by the WCJ's conclusion that "Claimant has failed to meet her burden of proof to establish that the [Employer] acted unreasonably, which would justify any award of counsel fees for an unreasonable contest." (Conclusion of Law No. 3.) Section 440(a) of the Act squarely places the burden on an employer to establish that its contest was reasonable.

5

with specific instruction to remand to the WCJ, for further findings consistent with this opinion.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rosemarie Dymek,            :
           Petitioner        :
                     :    No. 1261 C.D. 2018
       v.                 :
                     :
Workers' Compensation Appeal     :
Board (Harper & Row Keystone     :
Employees FCU and Cumis         :
Insurance Society, Inc.),           :
           Respondents    :

## *__ORDER__*

AND NOW, this 12th day of April, 2019, the order of the Workers' Compensation Appeal Board (Board), to the extent that it affirmed the Workers' Compensation Judge's (WCJ) award of a 10% penalty to Rosemarie Dymek (Claimant), is affirmed. However, the order of the Board, to the extent that it affirmed the WCJ's denial of Claimant's counsel's request for attorney fees and costs, is reversed. The matter is remanded to the Board, with specific instruction to remand to the WCJ, for further findings consistent with this opinion.

Jurisdiction relinquished.

_____
PATRICIA A. McCULLOUGH, Judge